**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4226**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OMAR CARILLO-VILLAGRANA,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:19-cr-00226-FDW-DSC-1)

Submitted: November 19, 2020                    Decided: November 23, 2020

Before WILKINSON, KING, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stacey D. Rubain, QUANDER & RUBAIN, PA, Winston-Salem, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Omar Carillo-Villagrana pled guilty to conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A); and illegal reentry of a deported alien subsequent to a conviction for the commission of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2). The district court sentenced Carillo-Villagrana to 262 months' imprisonment and 10 years' supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the magistrate judge complied with Fed. R. Crim. P. 11 in accepting Carillo-Villagrana's guilty plea and whether Carillo-Villagrana's sentence is procedurally and substantively reasonable. Although advised of his right to file a supplemental pro se brief, Carillo-Villagrana has not done so. The Government declined to file a response brief. We affirm.

Counsel first questions the adequacy of the magistrate judge's Rule 11 plea colloquy. Before accepting a guilty plea, the court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). The court also must ensure that the defendant's plea is voluntary in that it did not result from force, threats, or promises outside the plea agreement, and is supported by an independent factual basis. Fed. R. Crim.

2

P. 11(b)(2), (3).  Because Carillo-Villagrana did not move to withdraw his guilty plea or otherwise preserve any error in the plea proceedings, we review the adequacy of the plea colloquy for plain error.  *Williams*, 811 F.3d at 622.  Our review of the transcript reveals that the magistrate judge substantially complied with the requirements of Fed. R. Crim. P. 11, that a factual basis supported the plea, and that Carillo-Villagrana's plea was knowingly and voluntarily entered.  Accordingly, Carillo-Villagrana's guilty plea is valid.

Next, counsel questions whether Carillo-Villagrana's sentence is reasonable.  We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017).  This review requires consideration of both the procedural and substantive reasonableness of the sentence.  *Gall*, 552 U.S. at 51.  In determining procedural reasonableness, we examine, among other factors, whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, selected a sentence based on facts that were not clearly erroneous, and sufficiently explained the selected sentence.  *Id.* at 49-51.

Only after determining that the sentence is procedurally reasonable do we consider whether it is substantively reasonable, "tak[ing] into account the totality of the circumstances." *Id.* at 51.  "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable.  Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C.

3

§ 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

Our review of the sentencing transcript reveals no significant procedural or substantive errors. Carillo-Villagrana's sentence of 262 months' imprisonment falls significantly below his properly calculated advisory Guidelines range of 360 months to life. The district court allowed the parties to present arguments, gave Carillo-Villagrana the opportunity to allocute, considered the relevant 18 U.S.C. § 3553(a) sentencing factors, and explained the selected sentence. Although the court's explanation of the selected sentence was limited, we conclude that it was sufficient considering that the court imposed the sentence requested by both parties. *See United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019) ("[T]he adequacy of the sentencing court's explanation depends on the complexity of each case." (internal quotation marks omitted)). We therefore conclude that Carillo-Villagrana has not met his burden of rebutting the presumption that his below-Guidelines-range sentence is reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform Carillo-Villagrana, in writing, of the right to petition the Supreme Court of the United States for further review. If Carillo-Villagrana requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Carillo-Villagrana.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*